**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| MICHAEL SANTIAGO, *individually and on behalf of a class of similarly situated individuals,*<br><br>Plaintiff,<br><br>vs.<br><br>NORTHEAST GEORGIA HEALTH SYSTEM, INC., a Georgia corporation,<br><br>Defendant. | **COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>No. |

Plaintiff Michael Santiago, individually on behalf of himself and all others similarly situated, by and through counsel, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1. This action seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, interest, reasonable attorneys' fees, costs, declaratory and injunctive relief, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* on behalf of Plaintiff and similarly situated current and former employees of Northeast Georgia Health System, Inc. (hereinafter also referred to as "Northeast Georgia" or "Defendant"), and who elect to opt into this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective," as hereinafter more fully defined).

2. This action also seeks to recover unpaid compensation, as well as liquidated damages, interest, costs, and any other appropriate relief, under Georgia law, on behalf of Plaintiff and similarly situated current and former employees employed by Defendant (the "State Law Class," as hereinafter more fully defined).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's state law claim because that claim arises out of the exact same nucleus of facts and is so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant has its principal place of business and reside in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

6. Plaintiff Michael Santiago is an individual and a resident of the State of Georgia. Plaintiff Santiago has completed an "Opt-In Consent Form" which is filed and attached hereto as Exhibit A to this Complaint and is incorporated by reference herein.

7. Defendant Northeast Georgia Health Systems, Inc., is a Georgia not-for-profit corporation with its headquarters and principal place of business at 743 Spring Street NE, Gainesville, GA 30501.

8. Defendant Northeast Georgia employed (or acted in the capacity of an employer towards) Plaintiff and other similarly-situated current and former hourly employees, as set forth below as constituting the putative collective and classes, Defendant had the power to control the terms and conditions of employment of Plaintiff and other similarly-situated current and former employees, including, without limitation, those terms and conditions relating to the claims alleged herein.

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

9. Defendant Northeast Georgia holds itself out as a "non-profit on a mission of improving the health of our community in all we do. Our team of more than 1,500 medical staff members representing more than 60 specialties cares for more than 1 million people across the region through seven hospitals and dozens of other locations and practices."[1]

10. Defendant is an "employer" of Plaintiff and other members of the FLSA Collective within the meaning of the FLSA, and was an employer covered by Georgia law.

11. Defendant utilizes non-exempt employees, including Plaintiff and other members of the FLSA Collective and State Law Class, in furtherance of its business purpose.

12. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

13. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

15. Defendant was an employer of Plaintiff and other members of the FLSA Collective and State Law Class inasmuch as Defendant, either individually or through its corporate subsidiaries and affiliates, exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

---

[1] https://www.nghs.com/about (last accessed September 9, 2026).

**Plaintiff's and the FLSA Collective's**
**Non-Exempt Employment Statuses with Defendant**

16. Plaintiff Santiago was employed by Defendant from approximately December 7, 2020 through February 2, 2026 as a respiratory therapist at the Northeast Georgia Medical Center facility in Braselton, GA. Plaintiff was hired to work for Defendant as an hourly, nonexempt employee, and often worked at least forty (40) hours per week during all relevant periods.

17. Defendant classified and paid Plaintiff, as well as other members of the FLSA Collective, as non-exempt employees.

18. At all times relevant, Plaintiff and other members of the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e).

19. At all times relevant, Plaintiff and other members of the FLSA Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendant's Failure to Pay for All Hours Worked**
**as a Result of Defendant's Time Rounding Policy**

20. During his time as an hourly employee (and all references hereinafter to Plaintiff's work and clocking in and out relate to that period of time), Plaintiff and other members of the FLSA Collective and State Law Class were (and are) required to clock in and out at the beginning and end of their shifts at Defendant's locations to record their hours worked.

21. Accordingly, at the beginning of their workdays, Plaintiff and the members of the FLSA Collective and State Law Class clocked in as required and performed the principal activities of their jobs, but Defendant generally did not pay them for all of their time worked. Similarly, Plaintiff and the members of the FLSA Collective and State Law Class regularly worked, stopped working, and clocked out at the end of their workdays, but Defendant generally did not pay them

for all of their time worked. Instead, Defendant paid them based on post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include all compensable work required by, performed for, and to the benefit of Defendant. Defendant willfully manipulated both the beginning and end of shift time records of Plaintiff and the members of the FLSA Collective and State Law Class to reflect less time worked when Defendant submitted these employees' records to payroll, resulting in less time paid than time worked.

22. Defendant implemented a time rounding and/or editing policy, and time manipulation practices in conformity with this policy, that led to less time paid than time worked for Plaintiff and the members of the FLSA Collective and the State Law Class at the beginning and the end of their workdays. Upon hiring or otherwise during their employments, Plaintiff and the members of the FLSA Collective and State Law Class were (and are) told that they will be penalized or disciplined if they clock in even one minute late or clock out one minute early. To that end, Defendant uses its attendance policies and threats of discipline to force employees to clock in early, ensuring that Defendant's rounding system is rigged in Defendant's favor and is willfully designed to pay for less time worked than time actually paid. As a result, Plaintiff and other members of the FLSA Collective and State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff and other members of the FLSA Collective and State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b) and Georgia law.

23. Plaintiff Santiago regularly clocked in prior to his scheduled shift starting time (by way of example, he would frequently clock in between 6:38 a.m. and 6:53 a.m. prior to a 7:00 a.m. shift time) and immediately began his job assignment and started working, doing the principal activities of his job, including obtaining his assignment for the workday and participating in a

huddle with his supervisor. After his huddle, Plaintiff Santiago would then immediately step in to replace colleagues from previous shifts, receiving reports from colleagues ending their shift and engaging in other work attendant to his job.

24. Similarly, Plaintiff and other members of the FLSA Collective and State Law Class regularly worked after the end of their shift times but were (and are) only paid up until their shift ending times. These employees are not paid for all time worked up and until they stopped working as Defendant instead paid them based on the post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include post-shift compensable work required by, performed for, and to the benefit of Defendant Northeast Georgia as tracked in Defendant's timekeeping system.

25. Although Defendant suffered and permitted Plaintiff and the members of the FLSA Collective and State Law Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and the members of the FLSA Collective and State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. §§ 785.11, 785.13. Though Plaintiff and the members of the FLSA Collective and State Law Class regularly complete tasks that are required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities before their shift starting times (and after shift ending times), these workers are not paid for the time spent performing these tasks because Defendant unilaterally deducted this time worked, and Defendant accepted the benefits of this work without compensating them for this work, regardless of the fact that compensable work was completed. *See* 29 C.F.R. §§ 785.11, 785.13. As a result, Plaintiff and the members of the FLSA Collective and State Law Class were not properly paid for many of their hours worked as required by the FLSA and Georgia law.

26. Although there was no administrative difficulty in compensating them for such work, both as to beginning and end of shifts, Defendant did not count the time it takes Plaintiff Santiago, the FLSA Collective, and State Law Class to complete the job duties described above as hours worked for purposes of computing overtime or non-overtime hours worked.

27. Defendant's time rounding and/or editing policy, and time manipulation practices in conformity with this policy, are not neutral, facially or otherwise. Defendant rounded, edited, and/or otherwise manipulated Plaintiff's, the FLSA Collective's, and State Law Class's work starting and ending times despite utilizing a timekeeping system that tracks exactly when they "punched" or clocked in/out and started/ended working each day. During overtime weeks, and despite knowing of their performance of work during workweeks when Plaintiff Santiago and the FLSA Collective worked more than forty (40) hours, Defendant did not pay them for such overtime which was required to be paid at "one and one-half times" their "regular rate[s]" of pay. *See* 29 U.S.C. § 207. Likewise, during non-overtime weeks, and despite knowing of their performance of such work, Defendant did not pay Plaintiff Santiago and the State Law Class for such hours on a straight time basis.

28. Defendant's rounding/editing and time manipulation policies have violated and continue to violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

29. As a result, Plaintiff Santiago and other members of the FLSA Collective and State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff Santiago and other

members of the FLSA Collective and State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b) and Georgia law.

30. Defendant's on-the-clock but unpaid time deprivation policies/practices are the result of systematic and company-wide policies/practices originating at the corporate level. Defendant's policies resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 C.F.R. § 785.13, Defendant "cannot sit back and accept the benefits [of additional work completed by Plaintiff, the FLSA Collective, and State Law Class] without compensating for them." "Management has the power to . . . [and] must make every effort to" ensure all work completed at the beginning and end of shifts was paid in accordance with the FLSA and state law. *See id.*

31. Moreover, Defendant knew or had reason to know that Plaintiff and other members of the FLSA Collective and the State Law Class routinely performed work upon clocking in and prior to clocking out but nevertheless failed to pay for this time worked at the time of payment. For example, Plaintiff began work and after clocking in by getting his work assignments and participated in the huddle with his supervisor, and he often would be working right up to the moment he clocked out in furtherance of his job duties as a respiratory therapist. Because Defendant failed to actively enforce any prohibition against work during these rounded periods, it is liable for compensating Plaintiff and other members of the FLSA Collective and the State Law Class for this time.

32. The additional pre- and post-shift work was compensable as overtime or straight time hours worked because the work was required by Defendant and the work was performed for Defendant's benefit and constituted part of employees' principal activities, and/or was a necessary, integral, and indispensable part of their principal activities. Despite this, it was not fully paid on a

straight time regular rate basis, nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40), as required by the FLSA and Georgia law.

**Defendant's Record Keeping Violations**

33. The FLSA required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

34. Specifically, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

35. Defendant kept records of hours worked by Plaintiff and members of the FLSA Collective and State Law Class. However, at the time that the hours worked by Plaintiff and members of the FLSA Collective and State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift work required by, performed for, and to the benefit of Defendant which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and members of the FLSA Collective and State Law Class. Thus, Defendant willfully and intentionally did not properly record and pay for all hours worked in violation of the FLSA's record keeping requirements.

**The Willfulness of Defendant's Violations**

36. By denying Plaintiff and members of the FLSA Collective and State Law Class overtime compensation and/or the other pay to which they were entitled, as has been discussed above, Defendant's acts were not based upon good faith.

37. Defendant is a large and highly sophisticated employer, with an in-house legal team. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of federal law or acted in reckless disregard as to Defendant's obligations under these laws.

38. Accordingly, Defendant's failure to compensate Plaintiff Santiago and other members of the FLSA Collective and State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a willful violation of the FLSA, 29 U.S.C. § 207, which requires employers to provide a statement of deductions from wages for each pay period.

39. Plaintiff and members of the FLSA Collective and State Law Class are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260 and Georgia law.

**FLSA COLLECTIVE OVERTIME ALLEGATIONS**
**(As to COUNT ONE)**

40. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 39, as if fully rewritten herein.

41. Plaintiff brings this case on behalf of a group of employees of Defendant (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consents to join this action from this group of individuals:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of three years preceding the commencement of this action to the date of judgment in this action who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek by virtue of having their time edited and/or rounded.[2]

42. Such persons are "similarly situated" with respect to Defendant's FLSA violations, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, all were subjected to Defendant's unlawful rounding/editing and time manipulation policies, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

43. Plaintiff Santiago and other members of the FLSA Collective are similarly situated because, among other reasons, they are owed overtime from working hours for Defendant and for Defendant's benefit for which they were not paid overtime compensation as a result of Defendant's time rounding and/or editing policies, and time manipulation practices in conformity with these policies, that lead to less time paid than time worked. Plaintiff Santiago will prosecute this action vigorously on their behalf.

44. Plaintiff Santiago and other members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Plaintiff Santiago and other members

[2] Plaintiff reserves the right to amend and refine the definition of the FLSA Collective members she seeks to have the Court serve notice based upon further investigation and discovery.

of the FLSA Collective are similarly situated in that each is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

45. Plaintiff is entitled to send notice to all potential FLSA Collective members pursuant to Section 216(b) of the FLSA. Upon information and belief, the precise size and identity of the group of potential FLSA Collective members are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential FLSA Collective members consist of approximately one thousand or more persons.

**STATE LAW ALLEGATIONS**
**(As to COUNT TWO)**

46. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 39, as if fully rewritten herein.

47. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and a group of employees of Defendant who assert violations of Georgia law (referred to herein as the "State Law Class"), defined as:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of four years preceding the commencement of this action to the date of judgment who were not paid for all straight/non-overtime hours worked by virtue of having their time rounded and/or edited.

48. There are questions of law or fact common to the State Law Class, including but not limited to:

(a) Whether Defendant denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their hours worked;

(b) Whether Defendant's denial of Plaintiff's and other members of the State Law Class's earned and owed compensation violated Georgia law;

(c) Whether Northeast Georgia's violations of the FLSA and Georgia law were willful;

(d) What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay non-overtime compensation owed when the wages were required to be paid.

49. Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other State Law Class members.

50. The State Law Class, outlined above, is so numerous that joinder of all State Law Class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of at least approximately fifteen thousand or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA, as set forth above.

51. Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

52. The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

53. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(FLSA Overtime Violations)**
***On Behalf of Plaintiff and the FLSA Collective***

54. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 45, as if fully rewritten herein.

55. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

56. Defendant has engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

57. Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).

58. The overtime wage provisions set forth in 29 U.S.C. § 201, *et seq.,* apply to Defendant.

59. At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay full and required premium overtime compensation to Plaintiff and members of the FLSA Collective for hours worked in excess of forty (40) hours per workweek.

60. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the FLSA Collective members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a).

61. As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the FLSA Collective members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. §§ 211(c) and 215(a).

62. As a result of Defendant's policy and practice of rounding and editing time records in order to pay payroll at a rate less than what is owed to its employees, Defendant knew or recklessly disregarded the fact that Plaintiff and the FLSA Collective members were entitled to proper overtime pay and acted with and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

63. As a result of Defendant's FLSA violations, Plaintiff, on behalf of himself and the FLSA Collective members, is entitled to (a) recover from Defendant unpaid wages for all of the overtime hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

64. Defendant's violations of the FLSA have been willful within the meaning of that statute, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**COUNT TWO**
**(State Law Claim for Unjust Enrichment/Quantum Merit)**
***On Behalf of Plaintiff and the State Law Class***

65. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 39, and 46 through 53, as if fully rewritten herein.

66. Plaintiff brings his Georgia law claim as a class action on behalf of himself and the State Law Class pursuant to Fed. R. Civ. P. 23.

67. Plaintiff brings this claim on behalf of himself and the members of the State Law Class as a result of Defendant's permitting his and the State Law Class members to work for its benefit and for not paying them wages for all the time that they worked due to the beginning and end of shift time deletion/editing/rounding, and failure to pay for missed, non-taken, or uninterrupted non-bona fide meal breaks, wrongful practices and/or policies as set forth above.

68. As alleged above, the terms of compensation established by Defendant promised employees they would be paid wages for the hours they worked at the promised hourly rate, and all of the work Plaintiff and other members of the State Law Class performed during their employments was performed under, and in return for, those terms of compensation. Plaintiff and other members of the State Law Class expected to be paid for all their work at the time they rendered their services.

69. However, Plaintiff and other members of the State Law Class were not paid the hourly rates Defendant agreed to pay for all hourly work completed but were instead paid less than agreed as a result of Defendant's time editing, rounding, on-the-clock but time deducted, and other time deduction practices and/or policies.

70. Defendant has been unjustly enriched at the expense of Plaintiff and other members of the State Law Class. Defendant was unjustly enriched by the retention of promised hourly wages

that were earned and that rightfully belong to Plaintiff and other members of the State Law Class. Defendant was unjustly enriched in that it induced Plaintiff and other members of the State Law Class to perform work for the benefit of Defendant and retained the benefit of this work without having paid for the same.

71. Allowing Defendant to knowingly retain the valuable benefits provided by Plaintiff and other members of the State Law Class—free, unpaid labor—under the circumstances presented as outlined above, is demonstrably unjust. Defendant has retained the benefit of Plaintiff's and other members of the State Law Class's services without compensating them as promised, under circumstances in which it would be unjust and unconscionable to permit Defendant to do so.

72. As a direct and proximate result of Defendant's unjust enrichment and quantum meruit described herein, Plaintiff and other members of the State Law Class have been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and other members of the State Law Class but not paid by Defendant.

73. Having injured Plaintiff and other members of the State Law Class, Defendant is liable to Plaintiff and other members of the State Law Class in the full amount of regular wages that remain unpaid, exemplary or punitive damages as applicable, pre- and post-judgment interest as applicable, costs and reasonable attorney's fees as may be allowed by the Court, an award of damages representing Defendant's employers' share of FICA, FUTA, state employment insurance, and any other required employment taxes, and such other and further relief as provided under law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and other members of the FLSA Collective and State Law Class, as applicable, prays that this Honorable Court:

A. Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, and other relevant records, necessary to determine similarly situated individuals;

B. Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C. Conditionally certify the putative FLSA Collective and provide Court-approved notice to similarly-situated persons informing them of this action and their ability to opt-in and become part of the FLSA Collective and enabling them to opt in;

D. Toll the statute of limitations for all members of the FLSA Collective, from the date that this matter was initially filed until the date on which they file consents to join;

E. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

F. Enter judgment against Defendant, and in favor of Plaintiff, the FLSA Collective, and the members of the State Law Class, declaring that Defendant's activities, as alleged herein, violate the FLSA and Georgia law and enjoining Defendant from continuing to violate the FLSA and Georgia law, as well as awarding the relief set forth immediately below;

G. Award compensatory damages to Plaintiff and the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H. Award Plaintiff and other members of the State Law Class all damages allowed by Georgia law, including but not limited to all unpaid "straight time" and overtime wages, liquidated damages in an amount equal to 200% of their unpaid wages, and all other penalty damages available;

I. Designate Plaintiff as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

J. Award Plaintiff, and members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA,

FUTA, state unemployment insurance, and any other required employment taxes; and

K. Enter such other and further relief as this Court deems equitable, just, and proper.

Date: June 26, 2026

Respectfully submitted,

*/s/*____________
Roger W. Orlando
**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**
315 W. Ponce de Leon Ave.,
Suite 400
Decatur, GA 30030
Telephone: (404) 373-1800

Michael A. Galpern*
Amy Winters
Kyle Scheibner
**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road - Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100

Seth R. Lesser*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com

Ryan A. Winters *
Kevin M. McDermott II *
**SCOTT & WINTERS LAW FIRM, LLC**
11925 Pearl Rd., Suite 308
Strongsville, Ohio 44136
Telephone: (216) 912-2221
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*ATTORNEYS FOR PLAINTIFF, FLSA COLLECTIVE ACTION PLAINTIFFS, AND PROPOSED RULE 23 CLASS COUNSEL*

* ADMISSION MOTION OR *PRO HAC VICE* TO BE FILED